**NOT FOR PUBLICATION**

**FILED**

**UNITED STATES COURT OF APPEALS**

OCT 28 2024

**FOR THE NINTH CIRCUIT**

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ADAM FOX,

                Plaintiff-Appellant,

    v.

HARRY WINSTON, INC.,

                Defendant-Appellee,

 and

DOES 1 to 100, inclusive,

                Defendant.

No.   23-55639

D.C. No.
8:22-cv-00381-DOC-ADS

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Submitted October 24, 2024[**]
Pasadena, California

Before:  IKUTA, R. NELSON, and BRESS, Circuit Judges.

Adam Fox claims his employer, Harry Winston, Inc., fired him for reporting

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

a missing IRS form to a supervisor. He sued under California's whistleblower law. *See* Cal. Lab. Code § 1102.5(b). But a jury found that Fox did not report the missing form. Fox challenged that finding in a renewed motion for judgment as a matter of law. The district court denied the motion, and Fox appeals. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

1.      We review de novo the district court's denial of a motion for judgment as a matter of law. *Johnson v. Paradise Valley Unified Sch. Dist.*, 251 F.3d 1222, 1226 (9th Cir. 2001). We review the jury's verdict for substantial evidence, drawing "all reasonable inferences" in the verdict's favor and "disregard[ing]" any evidence favorable to Fox that a jury could disbelieve. *Id.* at 1227 (quotations omitted).

Substantial evidence supports the verdict. First, Fox's supervisor testified that he did "not remember that [Fox] told [him] anything about any illegal conduct." Fox interprets this to mean that the supervisor did not recall their conversation. But because the supervisor did not remember Fox disclosing the missing form, the jury "could reasonably have inferred" that Fox never did. *See id.* at 1228.

Second, Fox sent an email "to memorialize" his conversation with the supervisor and to put into writing "all" the concerns that he had expressed. In the email, Fox did not express concern about the missing form. Nor did Fox expressly

2

indicate that he had disclosed those concerns to his supervisor. So "even if it is also possible" to infer that Fox disclosed the missing form to his supervisor, that is not "the *only* conclusion that a reasonable jury could draw." *Harper v. City of Los Angeles*, 533 F.3d 1010, 1021, 1023 (9th Cir. 2008) (quotation omitted).

Third, during trial, Fox admitted that he perjured himself and acknowledged several inconsistencies in his testimony. That gave the jury ample room "to disbelieve, and therefore to disregard," Fox's account of the events. *Johnson*, 251 F.3d at 1227; *see also Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 151 (2000) (in considering motions for judgment as a matter of law, courts should disregard impeached testimony).

Thus, substantial evidence allowed the jury to find that Fox never disclosed the missing IRS form to his supervisor.

2.     Fox claims the district court should have instructed the jury on an alternative theory of liability: Harry Winston fired Fox because it believed he "may disclose" the missing form. Fox did not object to the jury instructions below, so we review this claim for plain error. Fed. R. Civ. P. 51(d)(2). Fox must show it was obvious the court should have given the instruction, it is reasonably probable that the omission affected the outcome of trial, and correcting the error is necessary to prevent a miscarriage of justice. *C.B. v. City of Sonora*, 769 F.3d 1005, 1018 (9th Cir. 2014) (en banc); *United States v. Marcus*, 560 U.S. 258, 262 (2010).

3

"The fatal flaw" in Fox's argument "is that he did not present [the alternative theory] as a separate theory at trial." *Skidmore as Tr. for Randy Craig Wolfe Tr. v. Led Zeppelin*, 952 F.3d 1051, 1074 (9th Cir. 2020) (en banc). Fox never argued that Harry Winston fired him because it believed he "may disclose" the form. To the contrary, Fox confirmed that "the only reason" he thought Harry Winston fired him "was because of the concerns that [he] raised with Mr. Ghalayini." The district court did not plainly err by failing to instruct the jury on a theory that Fox never invoked. *See id.*

3. Finally, Fox argues that the district court plainly erred in failing to instruct the jury that Harry Winston violated California's whistleblower law if it fired Fox for reporting the missing form, even if Fox were not the first employee to do so. This argument fails because the jury found that Fox did not report the missing form at all. Nor does Fox demonstrate that the jury instructions or the special verdict form were legally erroneous.

**AFFIRMED**.